UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ERIKA S. HARRIS,

        Plaintiff,

    -v-                              1:15-CV-01274
                                    (DNH/CFH)

KEVIN DONOHUE and MICHAEL OLONKO,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                  OF COUNSEL:

SUSSMAN, WATKINS LAW FIRM          MICHAEL H. SUSSMAN, ESQ.
Attorneys for Plaintiff
1 Railroad Avenue
P.O. Box 1005
Goshen, NY 10924

OFFICE OF THE ATTORNEY GENERAL     RICHARD LOMBARDO, ESQ.
Attorneys for Defendants
State of New York
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

**MEMORANDUM, DECISION AND ORDER**

**I.**     **INTRODUCTION**

      This matter is scheduled for a jury trial on August 29, 2017 concerning plaintiff Erika S.

Harris's ("plaintiff" or "Harris") excessive force claim pursuant to the Fourth Amendment against

defendants Kevin Donohue ("Donohue") and Michael Olonko ("Olonko"), both members of the

New York State Police Department, for an incident that is alleged to have occurred on June 21,

2014. Plaintiff has filed a motion in limine regarding certain witnesses and exhibits defendant

may introduce at trial. See ECF No. 35. Defendants have responded in opposition. See ECF 53. The motion was considered without oral argument.

**II.     DISCUSSION**

A. *Standard of Review*.

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); see also Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. See Baxter Diagnostics, Inc. v. Novatek Med., Inc., 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998) (citation omitted). Courts considering a motion in limine may reserve decision until trial so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." Luce, 469 U.S. at 41–42.

B. *Plaintiff's Motion in Limine*.

Harris seeks to preclude defendants from: (1) calling Mark Nielson, Victor Palumbo and Heidi Neal as witnesses at trial; (2) offering into evidence certain certified medical records of the plaintiff and (3) offering into evidence certain police records.

*(i) Proposed Witnesses.*

Harris seeks to preclude defendants from calling Nielson, Palumbo and Neal on the

grounds that defendants did not previously disclose such witnesses in their disclosures pursuant to Federal Rule of Civil Procedure 26.

Rule 26 requires parties to provide "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." FED. R. CIV. P. 26(a)(1)(A). Further, Rule 26(e) requires that the parties supplement its initial disclosures "if the party learns that in some material respect the information disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1).

Rule 37(c) of the Federal Rule of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). "Imposition of sanctions under Rule 37 is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (D.J. McAvoy) (citation omitted).

The 1993 Advisory Committee Notes to Rule 37 make clear that "unduly harsh penalties" can and should be avoided, stating that the "exception for violations that are harmless" include, among other things, "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties". See Advisory Committee Notes, 146 F.R.D. 682, 691 (1993). "[A] failure to disclose witness information is 'harmless' if the other party was well aware

of the identity of the undisclosed witness and the scope of their knowledge well before trial." Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A., 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002).

It is not in dispute that defendants failed to disclose Nielson, Palumbo and Neal in their mandatory Rule 26 disclosures. However, Harris included both Nielson, a Sergeant with the New York State Police who investigated the June 21, 2014 incident, and Palumbo, a member of the medical unit who responded after the June 21, 2014, as potential witnesses in her own Rule 26 disclosure, dated July 14, 2016. See Declaration of Richard Lombardo, Ex. D, ECF No. 53-5. Plaintiff asserts that such inclusion is not decisive as it did not provide notice to plaintiff that the defendants intended to use either Nielson or Palumbo as witnesses. However, the purpose of Rule 26(a)(1)(A) is to "alert an opposing party of the need to take discovery of the named witness." Badolato v. Long Island R.R., 2016 WL 6236311, at *4 (E.D.N.Y. Oct. 25, 2016). Plaintiff was clearly aware that both Nielson and Palumbo possessed relevant knowledge of underlying June 21, 2014 incident at issue in the case. As such, plaintiff could have taken the deposition of either individual at an appropriate time prior to trial and chose not to.

As Harris was well aware of the identity and general scope of knowledge of both Nielson and Palumbo before trial, defendants' failure to include either Nielson or Palumbo in their Rule 26 disclosure was harmless. Therefore, plaintiff's motion to preclude the testimony of Nielson and Palumbo will be denied.

Defendants contend that their exclusion of Neal from their Rule 26 disclosure is excused as Neal will only be called as an impeachment witness. Rule 26(a)(1)(A)(i) clearly carves out

disclosure of individuals who would "solely be for impeachment". FED. R. CIV. P. 26(a)(1)(A)(i); see also Design Strategies, Inc. v. Davis, 228 F.R.D. 210, 212 n.1 (S.D.N.Y. 2005) ("[D]iscovery rules do not require pretrial disclosure of impeachment witnesses."). As defendants' witness list clearly states that Neal will only be used as an impeachment witness, defendants were not required to include Neal in their Rule 26 disclosure. See Def.'s Witness List, ECF No. 45. As a result, plaintiff's motion to preclude the testimony of Neal will also be denied.

*(ii) Medical Records.*

Harris seeks to preclude defendants from offering into evidence medical records identified as trial exhibits D-5 through D-10 and plaintiff's claims for disability benefits identified as trial exhibits D-12 and D-13. Plaintiff asserts that the voluminous records are irrelevant to establish what occurred on June 21, 2014 and will only confuse the jury and severely prejudice the plaintiff. Defendants contend that the records relate to plaintiff's credibility and that plaintiff has made her mental health an issue in this case by seeking damages for emotional distress.

The admissibility of medical records of mental conditions for the purpose of credibility are subject to several overlapping requirements under the Federal Rules of Evidence. The evidence must be relevant, as required by Federal Rules of Evidence 401 and 402. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

FED. R. EVID. 403. Finally, Rule 608(a) permits a party to attack or support the credibility of a witness by evidence in the form of opinion, provided the evidence is limited to the truthfulness of the character. See FED. R. EVID. 608(a).

Before considering potential prejudice, relevance must be established. Courts in the Second Circuit have excluded evidence of past mental illness as not helpful to the factfinder when the illness is remote in time from both the date of the trial and the events forming the basis of the case. See Davidson v. Smith, 9 F.3d 4, 7 (2d Cir. 1993) (excluding evidence regarding plaintiff's confinement at a mental institution more than 15 years prior to trial); Hodges v. Keane, 886 F. Supp. 352, (S.D.N.Y. 1995) (psychiatric records from 13 years prior to trial had minimal probative value to render them relevant to the issue of plaintiff's credibility). Further, even if a nexus between plaintiff's mental health symptoms and her credibility is established, Federal Rule of Evidence 403 permits the district court to balance the probative value of the records against its potential for prejudice, confusion of the jury or waste of judicial resources.

The medical records offered by defendants range in time from 2010 through 2014. While those records at or around the date of the alleged incident, June 21, 2014, may be relevant to the issue of Harris's credibility, they do raise several of the risks enumerated by Rule 403. While evidence of plaintiff's alleged mental instability may help the jury evaluate plaintiff's ability to perceive or recall the events or to testify accurately, such characterizations may go to plaintiff's propensity to engage in certain conduct but not necessarily to her credibility.

Additionally, Harris's records are so voluminous that they would consume an inordinate amount of the court's and jury's time in sorting through and interpreting them, thereby making

the records a main issue at trial at the expense of the underlying events which gave rise to this action. Because of their volume and scope, the records risk confusing the jury and wasting judicial resources.

After weighing the probative value of the medical records offered by defendants against both their prejudice and the burden of the factfinder, only those records reflecting the treatment of Harris occurring on or after June 21, 2013, a point one year prior to the alleged incident, will be admitted at trial in defendants' direct case. Further, such evidence must relate to plaintiff's credibility, i.e. her ability to perceive or to recall events or to testify accurately, and not more generally concerning her psychological condition. Additionally, defendant must lay a proper foundation for such records, including that they "are prepared in the regular course of business, near the time of occurrence, by a person with knowledge and are properly authenticated." Romano v. Howarth, 998 F.2d 101, 108 (2d Cir. 1993). It is also noted that this determination may to altered depending on plaintiff's case and her responses to questions on cross-examination, as she herself may open the door to reconsideration of this decision.

*(iii) Police Records.*

Harris further seeks to preclude defendants from offering into evidence police records marked at trial exhibits D-15 through D-17. Plaintiff asserts that the records are irrelevant and unduly prejudicial. Defendants contend that such exhibits are relevant to the events that took place on June 21, 2014 and establish a time line of the day's events.

The proposed exhibits are the incident report, arrest report and Breath Alcohol Analysis

Record prepared by Olonko in connection with Harris's initial arrest for driving while intoxicated on June 21, 2014.

In an excessive force claim in violation of the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Bryant v. City of New York, 404 F.3d 128, 136 (2d Cir. 2005). Therefore, relevant evidence bears on whether the officers' conduct was objectively reasonable. An analysis of reasonableness under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [she] is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989).

One of the facts and circumstances confronting the defendants was Harris's alleged intoxication and how it may have influenced her actions and behavior. Thus, evidence of Harris's arrest for driving while intoxicated and her blood alcohol content at the time of the alleged incident is "highly probative". See Kokoska v. Carroll, 2015 WL 1004303, at *3 (D. Conn. Mar. 5, 2015) (citing More v. City of Braidwood, 2010 WL 3547964, at *3 (N.D. Ill. Sept. 7, 2010), Ward v. Tinsley, 2011 WL 6151602, at *6 (N.D. Ind. Dec. 12, 2011)). Such probative value substantially outweighs any potential prejudicial impact the evidence may have. Further, the evidence is highly probative of plaintiff's credibility because it reflects on her ability to perceive and recall the events of the evening in question. See Giannini v. Ford Motor Co., 616 F. Supp.

2d 219, 224 (D. Conn. 2007). As a result, plaintiff's motion to preclude defendants from offering exhibits D-15, D-16 and D-17 will be denied.

### III. **CONCLUSION**

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's motion in limine (ECF No. 35) is **GRANTED** in part and **DENIED** in part;

2. Defendants may offer the testimony of Mark Nielson and Victor Palumbo in their case in chief and the testimony of Heidi Neal for impeachment purposes if otherwise appropriate;

3. Defendants may offer the medical records contained in exhibits D-5, D-6, D-7, D-8, D-9, D-10, D-11, D-12 and D-13 only to the extent that they reflect the treatment of plaintiff on or after June 21, 2013 with proper foundation. Defendants are precluded from offering such exhibits to the extent that they reflect the treatment of plaintiff before June 21, 2013; and

4. Defendants may offer exhibits D-15, D-16 and D-17 with a proper foundation.

These conclusions may to altered depending on plaintiff's case and her responses to questions on cross-examination, as she herself may open the door to reconsideration of this decision.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 23, 2017
      Utica, New York